UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY JERON DANIELS, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:23-1214 |
| v. | : | (JUDGE MANNION) |
| ANTHONY ENGLISH, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court is Defendants' motion to dismiss **(Doc. 16)** *pro se* prisoner Jerry Jeron Daniels' Civil Rights Action brought under 42 U.S.C. §1983. Plaintiff filed his complaint as an inmate incarcerated within the Pennsylvania Department of Corrections (DOC), alleging violations of his Eighth and Fourteenth Amendment rights by four correctional employees. (Doc. 9). For the reasons discussed below, the court will **GRANT IN PART** and **DENY IN PART** Defendants' motion to dismiss.

I.   BACKGROUND

At all times relevant to this case, Plaintiff was an inmate housed at SCI-Frackville in the custody of the DOC. According to his complaint, Plaintiff takes prescription medication causing frequent urination. Plaintiff claims that, because of this side effect, he carries a "medical card" with him which he uses to notify staff members of his condition, requiring them to grant his

requests to use the bathroom. However, on May 22, 2022, correctional officer English allegedly denied him access to the bathroom despite seeing his medical card, which ultimately lead to him urinating himself.

Plaintiff filed his initial grievance regarding this incident on May 24, 2022, claiming that English's denial of his "basic need" violated his Eighth Amendment rights and entitled him to the requested $200,000 in damages. On May 31, 2022, Defendant Comisac issued an initial review response, denying Plaintiff's request for $200,000, but upholding the grievance to the extent that English was instructed to grant Plaintiff permission to use the bathroom in the future upon his request.

Plaintiff claims that on June 30, 2022, he appealed Comisac's initial review denying his request for relief to Defendant Brittain, the Facility Manager in charge of grievance appeals. Plaintiff claims that Brittain failed to respond, causing him to write to Defendant Moore on August 22, 2022, at the Secretary's Office of Inmate Grievances and Appeals (SOIGA) where appeals for final review are filed. Moore denied Plaintiff's appeal for final review to SOIGA, stating that he failed to properly appeal his initial response to the Facility Manager.

- 2 -

On July 21, 2023, Plaintiff filed his §1983 complaint alleging Eighth and Fourteenth Amendment violations. (Doc. 1). The court found that Plaintiff's original complaint lacked any factual basis to support his claims and ordered him to file an amended complaint. (Doc. 6). Plaintiff filed his amended complaint on September 8, 2023, again alleging that he was subjected to cruel and unusual punishment in violation of the Eight Amendment, as made applicable to the states by the Fourteenth Amendment. (Doc. 9).

Defendants filed the instant motion to dismiss on December 11, 2023, as well as their brief in support on January 24, 2024, insisting that Plaintiff's amended complaint be dismissed for failure to state a claim. (Doc. 21). Plaintiff filed a brief in opposition on February 5, 2024. (Doc. 22). The motion is ripe for review.

## II.  LEGAL STANDARD

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a

motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, ... and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hamption Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769–70 (M.D. Pa. 2012). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Id.* at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1950. Next, the district court must identify "the well-pleaded, nonconclusory factual allegation[s]" of the complaint, take them as true, and determine whether the complaint states a plausible claim for relief. *Id*.

As a general rule, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be

inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Finally, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S. Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id*. at 234.

Judged against these legal principles, Plaintiff's complaint can only withstand the instant motion with regard to Defendant English. As such, the motion to dismiss will be denied in part and granted in part.

### III.   DISCUSSION

Defendants move to dismiss the complaint on the following grounds: (1) Plaintiff fails to allege how three of the four defendants were personally involved in violating his constitutional rights; (2) Plaintiff's claim, even if true, does not rise to the level of an Eighth Amendment violation; and (3) Plaintiff's Fourteenth Amendment claims are barred by the Explicit Source Rule. In his opposition motion, Plaintiff failed to acknowledge these arguments but

instead argued that his administrative remedies were exhausted.[1] (Doc. 22, pp. 2-4). Nonetheless, the court will address Defendants' arguments in turn.

### A. Personal Involvement

"A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'" *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir.2007) (internal citations omitted). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). However, an action under §1983 cannot be brought solely on the basis of *respondeat superior*. *Id.*

### a. Defendants involved in grievance process

Here, Plaintiff alleges that Defendants Comisac, Brittain, and Moore were personally involved in the deprivation of his constitutional rights by way of their response or lack thereof in the grievance process. However, as Defendants correctly point out, these actions do not amount to personal

---

[1] Plaintiff claims in his opposition motion that "the principal issue" is whether he exhausted his administrative remedies. (Doc. 22, p. 2). However, Defendants do not contest Plaintiff's claim on the basis of exhaustion, and thus, the issue need not be discussed.

- 7 -

involvement for purposes of Section 1983. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir.2005) (Section 1983 liability cannot be placed on defendants who were merely involved in the post-incident grievance process). Plaintiff fails to indicate how any of these three Defendants directly participated in, or knew of and acquiesced in, English's decision to deny Plaintiff's bathroom request. To the contrary, as Plaintiff conceded in his reply brief, Comisac corrected English upon receiving Plaintiff's initial grievance by instructing him to grant Plaintiff access to the bathroom when requested. And the fact that Brittain and Moore may have improperly handled Plaintiff's grievance appeals, which would have occurred weeks after the incident, has no bearing on the incident itself.

Accordingly, Plaintiff's complaint fails to establish personal involvement required under §1983 against Defendants Comisac, Brittain, and Moore. [2]

---

[2] Plaintiff's allegations under 18 U.S.C. §241 and §242 are also improper; these criminal statutes do not provide a private right of action to seek civil remedies. To the extent Plaintiff sought to impose criminal liability on Defendants, he lacked standing to do so. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

### b. Defendant English

On the other hand, Plaintiff's allegations against English directly correlate to the alleged "punishment" that he suffered. Defendants argue that, without additional details, the complaint alone fails to adequately describe English's personal involvement in violating Plaintiff's constitutional rights for the purposes of a §1983 claim. The court disagrees. The complaint implicates English as the one who explicitly refused Plaintiff's request despite seeing his medical card. In other words, it was English's decision alone that prevented Plaintiff the opportunity to relieve himself. While the court acknowledges the broad nature of Plaintiff's claim, it nonetheless provides enough substance to establish English's personal involvement. However, whether Plaintiff's allegations rise to the level of an Eighth Amendment violation remains to be answered.

### B. Eighth Amendment

To state a claim under the Eighth Amendment that the right to be free from cruel and unusual punishment has been violated, an inmate complaining of prison conditions must allege facts that, if true, would satisfy both an objective and subjective test. *See Wilson v. Seiter,* 501 U.S. 294, 298 (1991). First, a prisoner must show that the alleged deprivation is

"sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, from a subjective point of view, a prisoner must demonstrate that prison officials possessed a "sufficiently culpable state of mind" and demonstrated "deliberate indifference" to his health or safety. *Id*. (citing *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992)).

### a. Objective Analysis

Under similar circumstances, courts have followed the general rule that the denial of access to the bathroom will only rise to the level of an Eighth Amendment violation where it is "unconscionably long or where it constitutes an ongoing feature of an inmate's confinement". *Toaz v. Lane*, 2018 WL 1431020 (M.D. Pa. Mar. 22, 2018) (citing *Young v. Quinlan*, 960 F.2d 351 (3d Cir.1992)). For example, in *Young*, the Third Circuit held that a prisoner's allegations that he was kept in a "dry" cell without a toilet or wash basin and given only one bathroom break in four days raised a sufficient Eighth Amendment claim. *Young*, 960 F.2d at 363. On the other hand, courts have consistently found that a short period without access to a bathroom does not violate the Eighth Amendment. *See Cook v. Wetzel*, No. 13-cv-6575, 2015 WL 2395390, at *5 (E.D. Pa. May 20, 2015) (eight hours without access to

the restroom did not violate the Eighth Amendment). That analysis hasn't changed in circumstances where the prisoner was caused to urinate himself. *See Evans-Salter v. Wetzel*, 2020 WL 58197764 (M.D. Pa. Sept. 30, 2020) (a prisoner's embarrassment from urinating himself did not transform the two and a half hour wait to use the bathroom into a constitutional violation); *see also Whitted v. Lazerson*, No. 96 Civ. 2746, 1998 WL 259929, at *2 (S.D.N.Y. May 21, 1998) (a prisoner urinating himself after waiting ninety minutes was not objectively serious).

Considering the pattern of similar decisions, Plaintiff's allegations lack critical information such as the length of time that he was allegedly without access to the bathroom, or the severity of this medical issue. And while it may seem unlikely, without these details, the court is unable to conclude that Plaintiff's version of events as plead did *not* rise to the level of an Eighth Amendment violation, as Defendants argue. Given the court's obligation at this stage to construe Plaintiff's complaint in the light most favorable to him, the court finds that the allegations raise a reasonable expectation that discovery will reveal the remaining evidence necessary to determine liability.

### b. Subjective Analysis

As for English's state of mind, Plaintiff's claim that he presented his medical card indicates that English had notice of his supposed medical condition and refused him access to the bathroom anyway, all before laughing at Plaintiff when he urinated himself. (Doc. 9 p. 4). These claims, although limited, are plausible enough to suggest that English possessed a culpable state of mind and acted with deliberate indifference in denying Plaintiff access to the bathroom despite his medical condition. Of course, this determination can only be made on the presupposition that English did in fact commit an objective Eighth Amendment violation. Given our conclusion that Plaintiff's allegations were enough to meet that objective standard, and in light of the general rule that *pro se* documents are to be liberally construed, the court concludes that Plaintiff has at least conceivably stated a claim under §1983 regarding an Eighth Amendment violation to survive the instant Motion.

### C. Fourteenth Amendment

Finally, the argument that Comisac, Brittain, and Moore violated Plaintiff's Fourteenth Amendment due process rights by failing to follow grievance procedures is simply misguided. *See Williams v. Armstrong*, 566 Fed.Appx.

106, 109 (3d. Cir. 2014) ("Access to prison grievance procedures is not a constitutionally-mandated right"). As the Third Circuit held in *Williams*, Plaintiff's "allegations of improprieties in the handling of his grievance do not state a cognizable claim under §1983." *Id*.

## IV.   CONCLUSION

Based on the foregoing, Defendants' motion to dismiss **(Doc. 16)** is **GRANTED IN PART** and **DENIED IN PART.** The court will **DENY** the motion to dismiss as to Defendant English and **GRANT** the motion to dismiss as to Defendants Comisac, Brittain and Moore for lack of personal involvement. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated:  March 27, 2025
23-1214-01